IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01503-BNB

DEMARCO MARSHALL,

     Plaintiff,

v.

EDWARD F. RILEY, Chairman of U.S. Parole Commission, et al.,

     Defendants.

---

## ORDER TRANSFERRING CASE

---

     Plaintiff, Demarco Marshall, is a prisoner in the custody of the United States

Bureau of Prisons ("BOP") and he currently is incarcerated at the United States

Penitentiary at Allenwood, Pennsylvania ("USP-Allenwood").  Mr. Marshall initiated this

action by filing *pro se* a Complaint and a motion seeking leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  The Court must construe the Complaint

liberally because Mr. Marshall is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Construing the Complaint liberally, it is apparent that Mr. Demarco is asserting habeas

corpus claims that properly should be raised in the district in which he is incarcerated.

Therefore, the instant action will be transferred to the United States District Court for the

Middle District of Pennsylvania.

     Mr. Demarco is challenging a 2010 decision of the United States Parole

Commission to deny his release on parole and continue a reconsideration hearing for

three years, until 2013.  Mr. Marshall specifically claims that the Parole Commission

impermissibly considered prison disciplinary infractions that were more than three years

old and that he should be reconsidered for parole each year after he initially was denied

parole.  As relief Mr. Marshall seeks a new parole hearing.  The Court presumes that

Mr. Marshall has filed this action in the District of Colorado because he apparently was

incarcerated at a federal prison in Colorado in 2010 when the Parole Commission

issued the decision he is challenging.

Although Mr. Marshall indicates in the Complaint that he is asserting his claims

pursuant to 42 U.S.C. § 1983, his claims properly are asserted in a habeas corpus

action pursuant to 28 U.S.C. § 2241 because he is challenging the execution of his

sentence.  *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (noting that

claims concerning parole procedures "go to the execution of a sentence and, thus,

should be brought against defendant's custodian under 28 U.S.C. § 2241.").  Therefore,

the Court construes the Complaint filed by Mr. Marshall as raising claims under § 2241.

If Mr. Marshall was incarcerated at a federal prison in Colorado, the Court would

direct him to file an amended pleading on the appropriate § 2241 habeas corpus

application form.  However, as noted above, Mr. Marshall is incarcerated at USP-

Allenwood, a federal prison in Pennsylvania.  Because he is not incarcerated in

Colorado, he may not seek habeas corpus relief in this Court.  *Bradshaw v. Story*, 86

F.3d 164, 166 (10th Cir. 1996) (noting that a habeas corpus application challenging the

execution of a federal sentence under § 2241 "must be filed in the district where the

prisoner is confined.").  Therefore, the Court will not require Mr. Marshall to file an

amended pleading on a habeas corpus application form in this Court.

2

Pursuant to 28 U.S.C. § 1631, the Court may transfer the action to any other court in which the action could have been brought if it is in the interest of justice.  The Court finds that the interests of justice would be served by transferring this action to the appropriate federal district court in which Mr. Marshall may seek habeas corpus relief pursuant to § 2241.  According to the BOP website, the judicial district in which USP-Allenwood is located is the Middle District of Pennsylvania.  Therefore, the instant action will be transferred to the United States District Court for the Middle District of Pennsylvania.  Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Middle District of Pennsylvania.

DATED at Denver, Colorado, this __14th__ day of ____June_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3